**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JAMES E. HORVATH                                                          PLAINTIFF

v.                                        No. 4:06CV01376 JLH

KNIGHT & WILSON, INC.;
BALDWIN & SHELL; and TOMMY SMITH                                          DEFENDANTS

**OPINION AND ORDER**

James E. Horvath originally filed this action in the Circuit Court of Pulaski County,

Arkansas, against Knight & Wilson, Inc., alleging breach of contract and making other complaints

about the way he was treated when working for Knight & Wilson when that company was doing

construction work as a subcontractor for Baldwin & Shell, the general contractor, on a job in Little

Rock.  Later, Horvath amended the complaint.  The amended complaint named Baldwin & Shell and

one of its employees, Tommy Smith, as defendants.  Horvath alleged that Smith and Baldwin &

Shell interfered with his contract with Knight & Wilson, and breached a fiduciary duty by ordering

him off the jobsite upon learning that he was a member of a labor union.  The first amended

complaint alleged that the actions of which Horvath complained "were taken solely because Tommy

Smith learned that Horvath was a union man, and for no other legitimate purpose."

After Horvath filed and served his first amended complaint, Baldwin & Shell and Tommy

Smith removed the action to this Court.  Subsequently, Horvath and Knight & Wilson entered into

a settlement agreement, and Horvath's claims against Knight & Wilson were dismissed, leaving only

his claims against Smith and Baldwin & Shell.

Smith and Baldwin & Shell have moved to dismiss because Horvath's claims are preempted

by § 7 and § 8 of the National Labor Relations Act.  *See* 29 U.S.C. §§ 157-58.  Smith and Baldwin

& Shell argue that because Horvath's claims are governed exclusively by the National Labor Relations Act, they must be dismissed with prejudice because those claims are subject to a six-month statute of limitations.  *See* 29 U.S.C. § 160(b).

It is apparent that Horvath's allegations assert that Smith and Baldwin & Shell engaged in conduct prohibited by 29 U.S.C. §§ 157 and 158.  Such claims are preempted by the National Labor Relations Act, even though those claims are couched in terms of tortious interference with contractual relations and breach of fiduciary duty.  In *San Diego Building Trades Council Millmen's Union, Local 2020 v. Garmon*, 359 U.S. 236, 79 S. Ct. 773, 3 L. Ed. 2d 775 (1959), the court stated:

> When it is clear or may be assumed that the activities which a State purports to regulate are protected by § 7 of the National Labor Relations Act, or constitute an unfair labor practice under § 8, due regard for the federal enactment requires that state jurisdiction must yield.  To leave the States free to regulate conduct so plainly within the central aim of federal regulation involves too great a danger of conflict between power asserted by Congress and requirements imposed by state law.  Nor has it mattered whether the States have acted through laws of broad general application rather than laws specifically directed towards the governance of industrial relations.  Regardless of the mode adopted, to allow the States to control conduct which is the subject of national regulation would create potential frustration of national purposes.
>
> At times it has not been clear whether the particular activity regulated by the States was governed by § 7 or § 8 or was, perhaps, outside both of these sections, but courts are not primary tribunals to adjudicate such issues.  It is essential to the administration of the Act that these determinations be left in the first instance to the National Labor Relations Board.
>
> * * *
>
> When an activity is arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board . . . .

*Id*. at 244-45, 79 S. Ct. at 779-80.  Though some exceptions exist to the exclusive jurisdiction of the National Labor Relations Board, none seem to apply here.  *Voca v. Sipes*, 386 U.S. 171, 179-80, 87 S. Ct. 903, 911, 17 L. Ed. 2d 842 (1967).

Because, as the Supreme Court has held, it is essential to the administration of the Act that decisions of the sort at issue here be left in the first instance to the National Labor Relations Board, the Court will dismiss Horvath's complaint without prejudice rather than with prejudice.  If Horvath wishes to file a complaint with the National Labor Relations Board, the Board can then determine whether his claims are barred by limitations.

In an effort to avoid dismissal, Horvath has filed two motions for leave to amend his complaint, to one of which is attached a proposed amended complaint.  The proposed amended complaint again alleges that Smith interfered with Horvath's employment, and that "[t]his activity had only occurred after Smith learned definitely that Horvath was associated with a labor organization, after Smith had questioned Horvath about his involvement in a labor union."  Thus, again, the proposed amended complaint would be preempted by the National Labor Relations Act, and Horvath's claims must be asserted before the National Labor Relations Board.

Horvath attempts to avoid this conclusion by alleging that he "had exercised his First Amendment rights of free speech and assembly and had expressed his opinions openly and without candidly concealing his union affiliation and association when questioned by Tommy Smith of Baldwin & Shell . . . ."  Couching his claims in terms of the First Amendment does not avoid preemption by the National Labor Relations Act.  Horvath does not allege that Smith or Baldwin & Shell was a state actor, so Horvath does not state a claim under 42 U.S.C. § 1983.  Horvath's claim against Smith and Baldwin & Shell ultimately resolves into an allegation that Smith and Baldwin & Shell engaged in an unfair labor practice.

Because it would be futile to permit Horvath to amend his complaint, the motion for leave to amend will be denied.  *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002).

**CONCLUSION**

The motion to dismiss filed by Baldwin & Shell and Tommy Smith is GRANTED. Document #11.  Horvath's motion to amend complaint and second motion to amend complaint are both DENIED.  Documents #28, #35.  Horvath's claims against Baldwin & Shell and Tommy Smith are dismissed without prejudice.

IT IS SO ORDERED this 6th day of December, 2006.


_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE